Gen. 343]                                                                     343

**STATE'S ATTORNEYS**

**SOVEREIGN IMMUNITY − TORT CLAIMS − STATE'S ATTORNEYS ARE NOT SUBJECT TO THE MARYLAND TORT CLAIMS ACT**

October 13, 1993

*Kirk G. Simpkins, Esquire*
*County Attorney for Somerset County*

You have requested our opinion whether a State's Attorney is subject to the Maryland Tort Claims Act. For the reasons stated below, we conclude that a State's Attorney is not subject to the Tort Claims Act.

**I**

**Background**

Your question arises because officials for Somerset County are considering whether to include the State's Attorney in their liability insurance under the Local Government Insurance Trust, an insurance pool. Counsel to the Trust has advised that under the applicable law, Article 48A, §482B of the Maryland Code, and the trust agreement, a county's participation in the pool does not automatically include the State's Attorney's Office in its liability coverage. However, a participating county may name an eligible public entity, such as the State's Attorney, in its primary coverage so long as the named entity is subject to the Local Government Tort Claims Act or the Maryland Tort Claims Act.

Although counsel has evidently concluded that the State's Attorney is not subject to the Local Government Tort Claims Act, recent amendments to the Maryland Tort Claims Act have created uncertainty whether the State's Attorney is subject to that Act. Accordingly, it has been suggested that the Attorney General be asked for an opinion on this issue. *See* Letter of January 15, 1992

from David M. Funk of Shapiro and Olander to Larry C. Bradley, Risk Manager of the Local Government Insurance Trust.


## II

## Tort Claims Act Converage

The office of State's Attorney in each of the counties and Baltimore City is established by Article V, §7 of the Maryland Constitution. *See Murphy v. Yates*, 276 Md. 475, 488, 348 A.2d 837 (1975). State law requires the respective local governments to fund this office. Article 10, §40.[1] Nonetheless, the State's Attorney has generally been regarded as a State, rather than local, official. *See Valle v. Pressman*, 229 Md. 591, 185 A.2d 368 (1962).

In *Rucker v. Harford County*, 316 Md. 275, 558 A.2d 399 (1989), the Court of Appeals considered the question you have posed with respect to the sheriff, whose position as a State official was said to be analogous to that of the State's Attorney. 316 Md. at 285-86. The Court held that the sheriffs and their deputies were covered by the Maryland Tort Claims Act, Title 12, Subtitle 1 of the State Government Article ("SG" Article).[2] The Court based its decision on a provision in SG §12-101, which at the time defined "State personnel" for purposes of the Maryland Tort Claims Act to include "an individual who, with or without compensation, exercises a part of the sovereignty of the State." 316 Md. at 297-98. In the Court's view, this provision clearly covered a sheriff and sheriff's deputies, and the fact that a sheriff's office is funded by local government was

---

[1] Provisions of §40 pertaining to particular counties were amended by Chapters 116, 182, and 248 of the Laws of Maryland 1993. Chapters 116 and 182 both took effect July 1, 1993, and Chapter 248 takes effect October 1, 1993. The obligation of local governments to fund the State's Attorney's Office was the subject of an opinion issued in 1989. *See* 74 *Opinions of the Attorney General* 263 (1989).

[2] As the Court pointed out, the Local Government Tort Claims Act, §§5-401 through 5-404 of the Courts and Judicial Proceedings Article ("CJ" Article), specifically includes only certain agencies that are ordinarily regarded as State agencies; the implication, therefore, was that other State entities and officials, such as sheriffs and their deputies, were excluded. *Rucker*, 316 Md. at 293-94.

no basis for excluding such personnel.  316 Md. at 298-300.  The Court also suggested that the State's Attorneys and various other officials would likewise be covered under the same provision.  316 Md. at 300.

In its opinion, which was issued June 9, 1989, the Court noted that the General Assembly had enacted legislation at the 1989 Session to revise SG §12-101.  Because the amendment was not effective until July 1, 1989, however, and because no argument was based on the revised provision, the Court did not consider it. *Rucker*, 316 Md. at 298 n. 11.

The law to which the Court referred, Chapter 413 of the Laws of Maryland 1989, amended SG §12-101 to declare that State officials "paid in whole or in part by the Central Payroll Bureau" of the Comptroller's Office are "State personnel."  SG §12-101(1). The 1989 enactment also deleted the phrase "with or" from the portion of the definition of "State personnel" that had included "an individual who, with or without compensation, exercises a part of the sovereignty of the State."  SG §12-101(4).  After the amendment, an individual who exercised a portion of the sovereignty of the State and who was paid to do so was encompassed by the Tort Claims Act *only if* the payment came from the State's Central Payroll Bureau.

Because this definition was the basis of the Court's conclusion that sheriffs and their deputies – as well as other locally paid State officials, like State's Attorneys – were subject to the Maryland Tort Claims Act, the result of the deletion was to exclude from the Maryland Tort Claims Act such locally compensated officials as sheriffs and State's Attorneys and thus to overrule this aspect of *Rucker*.  Although these officials surely exercise a part of the State's sovereignty, they do not do so "without compensation."  Further, they are not paid by the Central Payroll Bureau.  Hence, they were not "State personnel" as the definition read after the enactment of Chapter 413.

In its next regular session, the General Assembly amended SG §12-101 once again to expressly include "a sheriff or deputy sheriff" in the definition of "State personnel."  Chapter 508, Laws of

Maryland 1990.[3]  *See* SG §12-101(6).  However, the General Assembly considered and rejected the inclusion of State's Attorneys and their deputies.  Report of Senate Committee on Judicial Proceedings on S.B. 813 and Senate Journal for the 1990 Session 1855-58.  The clear implication of the exclusion in 1989 of locally compensated individuals exercising the State's sovereignty, and the express inclusion in 1990 of sheriffs and their deputies, is that State's Attorneys and their deputies are not subject to the Maryland Tort Claims Act.  *See generally Allied Vending, Inc. v. City of Bowie*, No. 108, September Term, 1992, slip op. at 26-27 (Sep. 17, 1993).[4]

## III

### Conclusion

In summary, it is our opinion that a State's Attorney is not subject to the Maryland Tort Claims Act.

J. Joseph Curran, Jr.
*Attorney General*

Richard E. Israel
*Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*

---

[3] Although the 1990 enactment made sheriffs and their deputies subject to the Maryland Tort Claims Act, it also made the respective local governments responsible for paying judgments, subject to certain exceptions.

[4] Although the State's Attorneys do not enjoy the immunity afforded by SG §12-105 and CJ §5-399.2(b), they may be able to invoke other immunity defenses.  *See generally* 77 *Opinions of the Attorney General* 198 (1992).